**Malka BIBI Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70322.

I & NS No. A72–111–625.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2002 *.

Decided May 22, 2002.

---

* Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. Fed R.App. P. 34(a)(2).

Before HAWKINS and SILVERMAN, Circuit Judges, and RESTANI, Judge.**

## MEMORANDUM ***

Malka Bibi ("Bibi") petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen deportation proceedings to seek relief under the United Nations Convention Against Torture ("Convention"). We have jurisdiction under 8 U.S.C. § 1105a(a),[1] and review the denial of the motion to reopen for an abuse of discretion. *Kamalthas v. INS*, 251 F.3d 1279, 1281 (9th Cir.2001).

We grant the petition and conclude that the BIA abused its discretion. In denying petitioner's motion to reopen, the BIA unduly relied on the prior credibility finding in Bibi's asylum claim, and failed to consider relevant country conditions in the context of a torture claim under the proper standard. *See id.* at 1283–84 ("The BIA cannot deny a motion to reopen without recognizing the proper standard for establishing a prima facie case and giving weight to relevant country conditions."). Accordingly, we vacate the BIA's decision, and remand for further proceedings consistent with this opinion.

**PETITION GRANTED; VACATED AND REMANDED.**

---

** Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c), *see Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000).

